*First Judicial District.*

## In the Court of Common Pleas of Philadelphia.
### (*In Equity.*)

## CHRISTMAN *v.* BAURICHTER.

After dissolution of a partnership and payment of its debts if there is no special agreement, each partner should be re-paid rateably his advances.

**Exceptions to Master's Report.**

Opinion delivered February 21, 1874, by

FINLETTER, J.   The capital invested was $2,900; of which the plaintiff furnished $2,000, and the defendant $900.   The business was

unprofitable; and the assets are about $1,400. The master distributed· this sum in proportion to the capital advanced by each, and charged the costs equally.

The defendant excepts, 1st, because the assets should have been shared equally; and 2dly, because all the costs should have been imposed upon the plaintiff.

Articles of partnership are not intended to define all the rights and duties of partner *inter se.*   Much is left to be understood and deterimined by general principles, which are always applicable when not clearly excluded. They are to be construed so as to defeat fraud, and the taking of unfair advantages.   Lindley on Partnership, pp. 841 and 843.

In the case before us the articles of agreement provided that " the profits shall be divided equally." "And in case of the dissolution of this co-partnership from whatever cause, the parties hereto agree to and with each other that they will make a true, just and final account, of all things relating to their said business, and in all things truly adjust the same. And after all the affairs of the co-partnership are adjusted and its debts paid off and discharged, then all the stock and stocks, as well as the gains and increase thereof, which shall appear to be remaining, either in money, goods, wares, fixtures, debts, or otherwise, shall be divided between them."

It is clear there can be no division of assets until they shall have made "a true, just, and final account of all things relating to their said business, and in all things truly adjust the same."   Not the least of the things relating to their said business are the accounts of the individual partners with the firm.   They are some of the affairs of the co-partnership, the adjustment of which they have made necessary to a division of the assets.

There is no allegation that "equally" was omitted from the clause by fraud or mistake.   We cannot interpolate it; for that would be adding to the written contract of the parties.   There is no ambiguity in the language used; and as it stands we must apply the principles of con-struction.   "Divided" means divided according to law.

Partnership arises from a contract to join in lawful business; and to divide the profits and losses.   The controlling idea is a division of profits. The courts have always held that a partnership existed whenever the profits were divided, even though the parties may have agreed otherwise.

It nowhere appears that a division of assets enters into the definition of partnership.   That, indeed, could only work a dissolution.   This should be kept in view when we consider the language of judges and text-writers in reference to the "shares" of partners.   That term in an active partnership could mean only division of profits or losses.   In the settle-ment of the affairs after dissolution its meaning could not be enlarged. It could not, therefore, include the capital.   That must be distributed upon other principles, or by special agreement.

Capital is the conjoined means of each partner, to be used for a specific purpose.   Its component parts should be none the less the property

of the individual members when dissolution has occurred, because of the combination.

It may be considered well settled, that "when there is no evidence from which any satisfactory conclusion, as to what was agreed, can be drawn, the shares of the partners, will be adjudged equal."

What follows from this? Equality in the thing is created; in its objects in authority, and in the profit and loss. It does not imply equality in the component parts of that by which the agreement of the parties was made effective. When the fabric is useless for the purposes of its creation natural equity would suggest that to each would belong whatever he had contributed thereto. Any other rule would be a continuing temptation to him who had furnished the smaller part, to violate his duty as a partner, and thereby compel a dissolution.

Accordingly, we find in Lindley on Part., p. 696. "When it is said that the shares of partners are *prima facie* equal, although their capitals are unequal, what is meant is, that losses of capital, like other losses, must be shared equally; but it is not meant that, on final settlement of accounts, capitals, contributed unequally; are to be treated as an aggregate fund, which ought to be divided between the parties in equal shares."

When a partnership is created there are two distinct parties interested therein, 1st, the individual members, 2ndly, the conjoined members or firm. The firm represents the capital. It is therefore debited with the amount paid in by each partner. But there must be also an account for each of the members, in which he is credited with what he brings into the business, and debited with what he takes out of it. These accounts show how they stand in relation to the firm, and to each other. Upon a final settlement they must be balanced just as any other. This would effectually preclude the possibility of an unjust distribution of the assets of the partnership.

In stating an account between partners each should be credited with what he has brought into the enterprise, and debited with what he has taken out. If there is no evidence as to the amount contributed by them, the shares of the whole assets should be considered equal.

Upon dissolution, after the debts are paid, the advances should be first paid; and then each partner should be paid rateably what is due to him in respect of capital upon the settlement of the accounts of all the partners. If there should be a residue, it should be divided as profit in equal shares, unless otherwise agreed upon. The losses of capital, if not specifically provided for, must be borne equally. Watson on Part, 285; Lindley on Part. pp, 623 and 827; West *v.* Skip, 1 Ves., Sr., 242.

The master has been governed in his distribution, substantially, by these principles. The costs of the proceedings have arisen from a difference of opinion upon the articles in reference to a division of the assets. In this, no blame can be ascribed to either party, and, therefore, the costs were properly charged in equal portions.

The exceptions are dismissed.